## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GEORGE DUGGAN,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-1221-14-0544-W-1 |
| 　　　　v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　　Agency. | DATE: February 2, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Ota, Esquire, Alameda, California, for the appellant.

Mark Hostetter, Esquire, San Jose, California, for the appellant.

Kenya M. Gregory, Esquire, Fort Belvoir, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed without prejudice his individual right of action appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order,[2] we AFFIRM the initial decision.

¶2      On May 7, 2014, the appellant filed this appeal alleging retaliation for whistleblowing.  *See* Initial Appeal File (IAF), Tab 1.  On August 22, 2014, the administrative judge dismissed the appeal without prejudice after the parties jointly requested postponement for the purpose of concluding discovery.  IAF, Tab 25, Initial Decision (ID) at 2-3.  In the initial decision, the administrative judge also ruled on motions to compel brought by both parties.  ID at 1-2; *see* IAF, Tabs 14, 17.  He denied as moot the agency's motion to compel and granted the appellant's motion in part.  ID at 1-2.  He limited the scope of production for some of the appellant's document production requests, and he denied others.  He also denied some of the appellant's interrogatories.  ID at 2.  Additionally, he set deadlines for discovery and the filing of prehearing submissions.  ID at 3.  He scheduled redocketing for October 20, 2014, and the hearing for November 18 through 20, 2014.  ID at 3.  The appellant filed this petition for review on

---

[2] The administrative judge erroneously included mixed-case appeal rights pursuant to 5 U.S.C. §§ 7702(b)(1) and 7703(b)(1).  We have corrected the notice of appeal rights.

September 26, 2014, however, and the case has not been refiled. *See* Petition for Review (PFR) File, Tab 1.

¶3      The petition for review does not address the administrative judge's dismissal of the appeal. Instead, he contends that the administrative judge abused his discretion by denying some parts of his July 15, 2014 Motion to Compel Further Responses to Interrogatories and Requests for Production of Documents. *See* IAF, Tab 14. He contends that the agency waived any possible objections to his requests for production of documents by untimely serving its response. *See* PFR File, Tab 1 at 10. Even if the agency's response had been timely, he argues, the administrative judge abused his discretion by denying the discovery of evidence relevant to his whistleblower claim. *Id.* at 10-15. Regarding the request for interrogatories, the appellant contends that the agency "refus[es] to provide any responsive information" and that none of the agency's responses are "verified or signed," as required by Rule 33(b)(3), (5) of the Federal Rules of Civil Procedure. *Id.* at 16. The appellant requests that the Board remand the appeal to the administrative judge for adjudication "with instructions directing [him] to order the Agency to provide all of the documents requested by Appellant . . . and complete, non-evasive responses to Appellant's Interrogator[ies]." *Id.* at 4.

¶4      The appellant's pleading most closely resembles a motion for an interlocutory appeal, and the Board will consider it on that basis. *See* 5 C.F.R. § 1201.91 ("An interlocutory appeal is an appeal to the Board of a ruling made by a judge during a proceeding."); *cf. Special Counsel v. Woods*, 26 M.S.P.R. 463, 464 (1985) (a pleading entitled "Petition for Mandamus" seeking review of administrative law judge's stay order would be considered under Board rules governing interlocutory appeals). As such, the motion is improperly filed with the Board as well as untimely. Board regulations require parties seeking interlocutory review to "file a motion for certification within 10 days of the date of the ruling to be appealed" with the administrative judge. 5 C.F.R. § 1201.93(a).

¶5        The appellant did not file a motion for certification with the administrative judge within 10 days after the initial decision was issued.  He instead filed a timely petition for review on the last day of the filing period.  *See* PFR File, Tab 1 at 1; ID at 1, 3; *see also* 5 C.F.R. § 1201.114(e).  Accordingly, the Board will not consider his uncertified motion for an interlocutory appeal.[3]  *See, e.g.*, *Sparrow v. Department of the Navy*, 26 M.S.P.R. 335, 336 n.* (1985).  Because the appellant has expressed a clear intention to pursue adjudication of his appeal, however, we FORWARD the appeal to the regional office for immediate refiling. *See* PFR File, Tab 1 at 4, 18-19.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[3] In any event, we have examined the pleadings and find that the issues presented are most appropriately addressed in the first instance by the administrative judge.  The administrative judge has extensive knowledge of the record and issues and broad discretion in matters governing discovery.  *See Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992) (the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).  Regarding the appellant's contention that the interrogatories do not meet the requirements of the Federal Rules of Civil Procedure, we note that the Board looks to the rules for guidance but is not bound by them.  *Hebert v. Department of the Navy*, 57 M.S.P.R. 68, 72 (1993); *see* PFR File, Tab 1 at 16.

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board

appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.